**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MINA TAWADROS and ENGY
SAMAAN,

       Plaintiffs,

vs.

MANPREET SINGH, MG TRANS
EXPRESS, R. DEEP TRANSPORTATION,
INC.

       Defendants.

CIVIL ACTION NO. <u>1:21-cv-311</u>

**COMPLAINT AND JURY DEMAND**

Plaintiffs, Mina Tawadros and Engy Samaan, for their Complaint against Defendants Manpreet Singh, MG Trans Express, R. Deep Transportation, Inc., state and allege as follows:

**VENUE AND JURISDICTION**

1.     Federal jurisdiction in this action is predicated upon diversity of citizenship under statutory authority of 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2.     For purposes of diversity under 28 U.S.C. § 1332, Plaintiffs Mina Tawadros and Engy Samaan are citizens of Ohio and Defendants are all citizens of Indiana or California.

3.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

4.     This Court has personal jurisdiction over each of these Defendants in that they were and doing business in the Commonwealth of Pennsylvania at all material times and caused tortious injury to persons within the Commonwealth of Pennsylvania in Erie County, within this Court's

jurisdiction.

## PARTIES

5.        Plaintiffs Mina Tawadros and Engy Samaan (hereinafter "*Tawadros and Samaan*")

are adult individuals, husband and wife, and residents and citizens of Cuyahoga County, Ohio.

6.        Upon information and belief, Defendant Manpreet Singh (hereinafter "*Singh*") is

an adult individual and resident and citizen of Marion County, Indiana and currently resides at

8820 Rue Madeleine Apt. 1A, Indianapolis, Indiana.

7.        Defendant MG Trans Express (hereinafter "*MG Trans Express*") is a California

corporation with its principal place of business at 10715 Dover Drive, Stockton, California or 2419

Trapper Street, Bakersfield, California.  At all times material herein, MG Trans Express is and was

a commercial motor carrier, U.S. DOT # 3128967 and MC/MX # 092059, and was transacting

business in the Commonwealth of Pennsylvania.  MG Trans Express' registered agent for service

of process and blanket company is Truck Process Agents of America, Inc., 1533 NW 2nd Street,

P.O. Box 347, Madison, South Dakota, 57042 or Manreet Ladhar 280 Shaw Avenue, Suite B,

Clovis, California 93612.

8.        Defendant R. Deep Transportation, Inc. (hereinafter "*R. Deep Transportation*") is

a California corporation with its principal business at 2429 Sanders Lane, Fairfield, California or

at 5022 Brown Lane, Fairfield California 94533.   At all times material herein, R. Deep

Transportation is and was a commercial motor carrier, U.S. DOT # 2265911 and MC/MX

#775642, and was transacting business in the Commonwealth of Pennsylvania.   R. Deep

Transportation's registered agent for service of process and blanket company is Truck Process

Agents of America, Inc., 1533 NW 2nd Street, P.O. Box 347, Madison, South Dakota, 57042 or

Taranbir Dhanoa 5022 Brown Lane, Fairfield, California 94533.

9.       Defendants MG Trans Express and R. Deep Transportation include any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational units of any kind, its predecessors, successors, and assigns, and its present officers, directors, employees, agents, representatives, and any other person acting on their behalf.

10.      Upon information and belief, in committing the acts alleged herein, each and every managing agent, agent, representative, and/or employee of Defendants MG Trans Express and/or R. Deep Transportation were working within the course and scope of said agency, representation, and/or employment, with the knowledge and consent of these Defendants, and said acts were authorized, ordered, done and/or ratified by Defendants MG Trans Express and/or R. Deep Transportation's directors, officers, agents, employees, or representatives while engaged in the management, direction, control or transaction of Defendants MG Trans Express and/or R. Deep Transportation's business affairs.

## OPERATIVE FACTS

11.      Plaintiffs adopt and incorporate herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

12.      Defendant MG Trans Express is an interstate commercial motor carrier, operating under U.S. DOT # 3128967 and MC/MX # 092059 and is, and was at all times material herein, responsible for compliance with all applicable federal and state motor carrier safety statutes, rules, and regulations together with commonly accepted and well-known safety standards with commercial trucking and motor carrier industry.

3

13.     Defendant R. Deep Transportation is an interstate commercial motor carrier, operating under U.S. DOT # 2265911 and MC/MX #775642 and is, and was at all times material herein, responsible for compliance with all applicable federal and state motor carrier safety statutes, rules, and regulations together with commonly accepted and well-known safety standards with commercial trucking and motor carrier industry.

14.     At all times material herein, Defendant Singh was a commercial driver and was an agent, servant, employee, and/or statutory employee of Defendants MG Trans Express and/or R. Deep Transportation and was acting within the course and scope of his agency, representation, and/or employment and with the knowledge and consent of these Defendants

15.     At all times material herein, Defendants MG Trans Express and/or R. Deep Transportation owned, operated, and maintained the subject Tractor-Trailer referred to in this Complaint.

16.     Prior to November 11, 2019, Defendants MG Trans Express and/or R. Deep Transportation hired Defendant Singh to drive one of the trucks it owns and places in service around the United States and Pennsylvania including the subject Tractor-Trailer referred to in this Complaint.

17.     Prior to November 11, 2019, Defendants G Trans Express and/or R. Deep Transportation failed to properly and adequately train Defendant Singh on how to operate a commercial motor vehicle in a safe manner including compliance with all applicable federal and state motor carrier rules, statutes and regulations.

18.     On November 11, 2019, Defendant Singh was operating the subject Tractor-Trailer on a public highway known and designated as Interstate 90 in Erie County, Pennsylvania and was

traveling westbound in the right lane at a speed that was too fast for the snowy road conditions then and there existing.

19.    Plaintiffs Tawadros and Samaan were also traveling westbound on Interstate 90, in the left lane, at the same time in a 2019 Toyota RAV-4, Ohio License Plate No. Toy6912, and were driving beside or slightly behind the Tractor-Trailer operated by Defendant Singh.

20.    On November 11, 2019, at approximately 9:58 p.m., Defendant Singh was driving too fast for the snowy road conditions, lost control of his Tractor-Trailer causing it to jackknife, enter the left lane and violently strike the passenger side of the Plaintiffs' vehicle.  It came to rest blocking both lanes of traffic.

21.    Plaintiffs' vehicle was severely damaged and completely disabled by the collision. The impact crushed the front passenger side door of the Toyota RAV-4 and drove it into Samaan, who was sitting in the front passenger seat and wearing her seat belt.

22.    As a result of the collision, Plaintiff Tawadros sustained severe and debilitating injuries including, without limitation, lower abdominal, cervical and thoracic spine injury and PTSD.

23.    As a result of the collision, Plaintiff Samaan sustained severe and debilitating injuries including, without limitation, ecchymosis of right eye, right flank abrasions and contusions, periorbital soft tissue hematoma, right kidney contusion, fractures of vertebrae (right and left side), fracture of sacrum with hip pain, rib fracture (right side), puncture wound to elbow (right side), and ulnar neuropathy (right upper extremity).

24.    As a direct and proximate result of the actions, omissions, and conduct of Defendants as described herein, Plaintiffs Tawadros and Samaan sustained severe injuries and

have been injured and damaged as is hereinafter set forth.

## COUNT ONE – NEGLIGENCE
*Plaintiffs v. Defendant Manpreet Singh*

25.     Plaintiffs adopt and incorporate herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

26.     At all times material herein, Defendant Singh owed a duty to Plaintiffs Tawadros and Samaan to use care for their safety, which included, without limitation:

        (a)     The duty to safely operate his commercial truck;

        (b)     The duty to operate his commercial truck with the full use of his mental or physical faculties or both;

        (c)     The duty to keep a careful and proper lookout;

        (d)     The duty to maintain proper control of his commercial truck;

        (e)     The duty to know, or adhere to, or both, applicable federal motor carrier safety regulations, industry standards, the laws of the Commonwealth of Pennsylvania or any combination of them; and

        (f)     The duty to use due care generally.

27.     At all times material herein, Defendant Singh negligently breached his duty to Plaintiffs Tawadros and Samaan by, but not limited to:

        (a)     Failing to safely operate his vehicle;

        (b)     Failing to operate his commercial truck with the full use of his mental or physical faculties, or both;

        (c)     Failing to keep his vehicle under control or to bring it under control so as to cause a collision involving the vehicle occupied by the Plaintiffs;

        (d)     Failing to maintain a careful and proper lookout;

(e)     Failing to maintain proper control of his commercial truck;

(f)     Operating his vehicle in a hazardous manner;

(g)     Operating his commercial truck at a speed greater than was reasonable and prudent under the circumstances and having regard to the actual and potential hazards then existing;

(h)     Operating his commercial truck at a speed greater than would permit him to bring his vehicle to a stop in a safe manner.

(i)     Operating the commercial truck at a speed greater than would permit him to take proper evasive actions before causing a collision;

(j)     Exceeding the speed limit that was safe for the snowy conditions of the road;

(k)     Failing to drive his vehicle entirely within his single lane and deviating from his lane in an unsafe manner;

(l)     Driving his commercial truck in disregard for the safety of persons or property;

(m)    Failing to know, or adhere to, or both, applicable federal motor carrier regulations, industry standards, the laws of the Commonwealth of Pennsylvania, or any combination of them;

(n)     Engaging in careless and prohibited driving;

(o)     Failing to act as a reasonable man would do under the circumstances;

(p)     Failing to use due care generally; and

(q)     Other acts and omissions both known and unknown to Plaintiffs.

28.     The acts of Defendant Singh as alleged in this Complaint violated applicable motor carrier safety regulations; applicable safety and traffic laws; and other laws of the Commonwealth of Pennsylvania including, without limitation, 75 Pa. C.S.A. § 3361 (Driving vehicle at a safe speed), §3309 §§ 1 (Driving within a single lane).

29.     As a direct and proximate result of the acts of Defendant Singh as described herein,

Plaintiffs Tawadros and Samaan were severely damaged and injured as is hereinafter set forth.

## COUNT TWO – VICARIOUS LIABILITY, *RESPONDEAT SUPERIOR* AND JOINT VENTURE
*Plaintiffs v. Defendants MG Trans Express and/or R. Deep Transportation, Inc.*

30.     Plaintiffs adopt and incorporate herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

31.     At all times material herein, Defendant Singh was an agent, apparent agent, representative, employee and/or statutory employee of Defendants MG Express and/or R. Deep Transportation, and was acting within the course and scope of said agency representation and/or employment and with the knowledge and consent of these Defendants. As such, Defendants MG Express and/or R. Deep Transportation is/are vicariously liable for the negligent and tortious acts of Defendant Singh as set forth herein.

32.     In addition, at all times material herein, Defendant Singh formed an association with Defendants MG Express and/or R. Deep Transportation to carry out a single business enterprise for profit, for which purpose they combined their property, money, efforts, skill, and knowledge and, as such, Defendants MG Express and/or R. Deep Transportation is/are vicariously liable for the negligent acts of Defendant Singh.

## COUNT THREE – NEGLIGENCE
*Plaintiffs v. Defendants MG Trans Express and/or R. Deep Transportation, Inc.*

33.     Plaintiffs adopt and incorporate herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

34.     At all times material herein, Defendants MG Trans Express and/or R. Deep

Transportation owed a duty to Plaintiffs Tawadros and Samaan to use care for their safety, which

included, without limitation:

    (a)    The duty to properly train Defendant Singh;

    (b)    The duty to properly supervise Defendant Singh;

    (c)    The duty to implement, adhere to, or both, applicable federal motor carrier
           safety regulations, industry standards, the laws of the Commonwealth of
           Pennsylvania, or any combination of them; and

    (d)    The duty to use due care generally.

    35.    At all times material herein, Defendants MG Trans Express and/or R. Deep

Transportation negligently breached its duty to Plaintiffs Tawadros and Samaan by, but not limited

to:

    (a)    Failing to properly train Defendant Singh;

    (b)    Failing to properly supervise Defendant Singh;

    (c)    Failing to implement, adhere to, or both, applicable federal motor carrier safety
           regulations, industry standards, the laws of the Commonwealth of
           Pennsylvania, or any combination of them;

    (d)    Failing to use due care; and

    (e)    Other acts and/or omissions both known and unknown to Plaintiffs.

    36.    As a direct and proximate result of the acts of Defendants MG Express and/or R.

Deep Transportation as described herein, Plaintiffs Tawadros and Samaan were severely damaged

and injured as is hereinafter set forth.

**COUNT FOUR – NEGLIGENT HIRING AND RETENTION**
*Plaintiffs v. Defendants MG Trans Express and/or R. Deep Transportation*

    37.    Plaintiffs adopt and incorporate herein by reference all claims, counts, allegations

and averments contained in the Complaint, whether stated before or after this claim or count, as if

same were fully rewritten herein.

38.     At all times material herein, Defendants MG Trans Express and/or R. Deep Transportation owed a duty to Plaintiffs Tawadros and Samaan to use care for his/her safety, which included, without limitation, the duty to use reasonable care to select an employee/statutory employee who was competent and fit to perform the duties required as an employee.

39.     Defendants MG Trans Express and/or R. Deep Transportation further owed a duty to Plaintiffs to have adequate policies and procedures in place to ensure it/they hired trained, qualified, and competent drivers, mechanics, technicians, and safety personnel.

40.     Defendants MG Trans Express and/or R. Deep Transportation also owed a duty to Plaintiffs to have adequate policies and procedures in place to ensure it/they properly and sufficiently retained qualified and competent drivers, mechanics, technicians, and safety personnel.

41.     At all times relevant material herein, Defendants MG Trans Express and/or R. Deep Transportation breached its duty to Plaintiffs Tawadros and Samaan by negligently hiring and retaining Defendant Singh as an employee and/or statutory employee and by choosing not to have in place and/or choosing not to follow proper policies and procedures, resulting in the hiring and retaining of drivers, mechanics, technicians, and safety personnel that were neither qualified nor competent to perform the duties of driving a commercial truck.

42.     At all times relevant herein, Defendants MG Trans Express and/or R. Deep Transportation knew, or should have known, that Defendant Singh would be likely to operate one of its/their tractor-trailers in a negligent and/or reckless manner.

43.     At all times material herein, Defendants MG Trans Express and/or R. Deep

Transportation further knew, or should have known, that Defendant Singh was not competent or fit for the duties required of him as an employee and/or statutory employee.

44.     As a direct and proximate result of the acts of Defendants MG Trans Express and/or R. Deep Transportation as described herein, Plaintiffs Tawadros and Samaan were severely damaged and injured as is hereinafter set forth.

## COUNT FIVE – NEGLIGENT ENTRUSTMENT
*Plaintiffs v. Defendants MG Trans Express and/or R. Deep Transportation, Inc.*

45.     Plaintiffs adopt and incorporate herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

46.     The injuries, harm and damages suffered by Plaintiffs Tawadros and Samaan were a direct and proximate result of the negligent use of the Tractor-Trailer by Defendant Singh.  Upon information and belief, because of Defendant Singh's inexperience and/or prior actions, Defendant MG Trans Express and/or R. Deep Transportation knew, or had reason to know, that Defendant Singh was likely to cause an unreasonable risk of harm to others while operating one of its/their commercial motor vehicles.

47.     As the owner of the Tractor-Trailer, and the employer and/or statutory employer of Defendant Singh, Defendants MG Trans Express and/or R. Deep Transportation had the right to permit and the power to prohibit the use of the Tractor-Trailer by Defendant Singh.

48.     Upon information and belief, Defendants MG Trans Express and/or R. Deep Transportation knew, or had reason to know, that Defendant Singh was likely to drive one of its/their trucks in a negligent manner on account of his inexperience and/or prior actions.

49.     Defendants MG Trans Express and/or R. Deep Transportation nevertheless

11

negligently entrusted the Tractor-Trailer to Defendant Singh, as set forth above.

50.     As a direct and proximate result of the acts of Defendants MG Trans Express and/or R. Deep Transportation as described herein, Plaintiffs Tawadros and Samaan were severely damaged and injured as is hereinafter set forth.

## COUNT SIX – DAMAGES
*Plaintiffs v. Defendants Manpreet Singh, MG Trans Express, R. Deep Transportation, Inc.*

51.     Plaintiffs adopt and incorporate herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

52.     As a direct and proximate result of each act of Defendants as described herein, Plaintiffs Tawadros and Samaan sustained severe injuries, including without limitation:

    (a)     Extreme pain and suffering

    (b)     Extreme mental anguish

    (c)     Emotional distress

    (d)     Annoyance, aggravation, and inconvenience;

    (e)     Embarrassment, anxiety, frustration, shock, scarring and disfigurement;

    (f)     Plaintiffs have experienced physical impairment or physical incapacity in the past as a result of the incident and, in all probability, will sustain physical impairment in the future;

    (g)     Loss of the enjoyment of life;

    (h)     Plaintiffs' general health, strength and vitality have been impaired and may be impaired in the future;

    (i)     Medical expenses;

    (j)     Lost wages;

(k)     Loss of future wages, earning capacity and benefits, including a possible reduction in Social Security benefits due to reduced earnings;

(l)     Loss of ability to perform household services;

(m)     Loss of consortium;

(n)     Plaintiffs have been unable to enjoy the ordinary pleasures of life;

(o)     All other damages permitted by applicable law.

**WHEREFORE**, Plaintiffs, Mina Tawadros and Engy Samaan demand judgment against Defendants, jointly and severally for compensatory damages in such amount as a judge and/or jury shall find, together with prejudgment and post-judgement interest and costs, and for such further relief as a court and/or jury deem just and proper.  The minimum jurisdictional amount established for filing this action is satisfied, that that it exceeds $75,000.00.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

s/*Scott L. Melton*
Scott L. Melton, Esquire
PA 26602
300 Ninth Street
Conway, PA 15027
P:  (724) 869-2972
F:  (724) 869-2246
E:  smeltonlawfirm@gmail.com

Steven M. Goldberg, Esquire
OH 0041344 (*pro hac vice* pending)
Goldberg Legal Co., LPA
Solon Business Campus
31300 Solon Road, Suite 12
Solon, OH 44139
P:  (440) 519-9900
F:  (877) 464-4652
E:  steven@goldberglpa.com
*Attorney for Plaintiffs*